MARGARET DORMAN, APPELLANT, v. WEST JERSEY TITLE
AND GUARANTY COMPANY, RESPONDENT.

Argued June 21, 1918—Decided November 18, 1918.

1. The mere possession of a bond and mortgage by an agent and
   the habitual payment of interest to the agent, who in turn
   remits to the mortgagee, does not establish the agent's authority
   to receive the principal, so as to create an estoppel against the
   mortgagee. The agent's authority to receive the principal in
   such a case is not a question of law, but is to be regarded as
   a fact—a question for the jury. *Lawson* v. *Nicholson*, 52 *N. J.
   Eq.* 821, followed.
2. A right of action, in this case, is sustained on the ground of a
   conversion.

On appeal from the Supreme Court.

For the appellant, *Clarence L. Cole.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

BLACK, J.   In this case the plaintiff brought a suit against
the defendant to recover one thousand dollars and in-
terest, the amount due on a bond and mortgage made by
one Herbert to the plaintiff, covering premises in Atlantic
City. The trial judge directed a verdict for the defendant.
This is the basis of the appeal, which is from the judgment
entered on the verdict. The substantial facts are not in dis-
pute. They may be thus summarized. They are these: The
plaintiff inherited one thousand two hundred dollars from
her mother's estate. One Thomas Tobin, of Philadel-
phia, collected it for her and turned it over to her; at
that time he suggested that she invest one thousand
dollars. The plaintiff agreed to this. Tobin then took one
thousand dollars of the money and invested it in a bond
and mortgage, in plaintiff's name, on property in Atlan-
tic City, New Jersey. After the mortgage was recorded he

brought it, together with the bond, to the plaintiff, suggesting that he be allowed to keep it as she had no place for their safe-keeping. She consented to · this arrangement. Tobin was allowed to collect the interest, as it accrued, which was trans-mitted to her. Tobin continued to pay the interest to her until some time in 1915, when payments of interest ceased. Inquiry by the plaintiff disclosed the fact that the mortgage had been canceled in 1907. It then was discovered that Tobin had taken the bond and mortgage to the office of the defendant company and delivered it for cancellation. The defendant company caused the mortgage to be canceled of record and gave its check to Tobin for the principal. A new mortgage was placed on the same premises for one thousand five hun-dred dollars to another person, which mortgage was sub-sequently foreclosed, the property bought in by a pur-chaser, wholly innocent of the fact that the plaintiff had not been paid the amount due her on her mortgage. Tobin never notified the plaintiff that he had collected the principal of the mortgage, nor did he ever pay her. Her testimony was that she never gave Tobin any authority to collect the principal, nor did she know until after he ceased paying the interest, in 1915, that he had collected the principal. The limit of her authority to Tobin was to collect the interest. This testimony was not controverted. The action of the trial court was predi-cated upon the theory that the possession of the bond and mortgage by Tobin justified the defendant in believing that he had authority to order its cancellation and to collect the debt; that she had as a legal proposition clothed Tobin with apparent authority to collect the principal. We think the ruling of the trial court was error and the judgment must be reversed.

This court said, speaking through Chief Justice Beasley, in the case of *Lawson* v. *Nicholson,* 52 *N. J. Eq.* 821, if the agency claimed existed, *i. e.,* from the possession of the bond and mortgage, it must have been by imputation of law from the circumstances incident to the transaction. It is deemed, that it is at all times to be regarded as a fact, to be ascertained by a construction of the given circumstances, and not, as

seems to be indicated in some of the authorities, as a thing
to be regulated, in some instances, by legal definitions. It is
a matter of fact to be interpreted by such rules as are applied
in other cases of the same class. Subsequently, this court
said, speaking through Mr. Justice Parker, in the case of
*Steadman* v. *Foster*, 83 *Id.* 641, said (at *p.* 643) : "The ha-
bitual payment of interest to an attorney-at-law, who in turn
remits it to the mortgagee, does not establish his authority to
receive the principal, or any part thereof;" nor does it amount
to a holding out of the attorney as agent, so as to create an
estoppel against the mortgagee, citing with approval the case
of *Lawson* v. *Nicholson, supra; Cox* v. *Cutter, 28 N. J. Eq.* 13.
The cases in other jurisdictions may be found collected in 2
*C. J.* 883; 27 *Cyc.* 1389; 19 *R. C. L.* 443, ¶ 227.

It may not be amiss to refer, as the respondent seems to
rely upon it, to a statement made by Chancellor Runyon, in the
case of *Haines* v. *Pohlmann, 25 N. J. Eq.* 179, to the effect that
an attorney from his having possession of a bond and mortgage
is empowered to receive both principal and interest, and a like
statement made by Vice Chancellor Van Fleet in the case of
*Halsted* v. *Colvin,* 51 *Id.* 387, 397, 398, in which the learned
Vice Chancellor cites with approval the case of *Collins* v.
*Gilbert,* 94 *U. S.* 760, in the United States Supreme Court,
applied to negotiable instruments. But, in that case, how-
ever, he was careful to observe that a mortgage possesses none
of the distinctive qualities of negotiable paper. Its possession
by any other person than the mortgagee or his assignee fur-
nishes no evidence of title. On the contrary, the paper itself
shows on its face that its possessor is not its owner. The title
to a mortgage can only be transferred by assignment or by
operation of law. It is sufficient to say that both of these
cases were decided in the Court of Chancery, which is not
binding on this court; also they were both decided before the
case of *Lawson* v. *Nicholson, supra.* This court, by not adopt-
ing the rule contended for in those cases, either disapproved
of that rule, if not directly, at least, inferentially. Then, too,
the facts were unlike those in the case of *Lawson* v. *Nichol-
son, supra,* and the case now under consideration. We think

the facts of this case, as presented to the trial court, made a jury question. It was error to direct a verdict in favor of the defendant. It is further urged by the respondent that the action will not lie. It is sufficient to say on this point that the Supreme Court sustained the right of action in this case, on the ground of a conversion; the defendant having converted the property of the plaintiff to its own use, it became bound to pay its value to the plaintiff and it did not discharge that obligation by a payment to an unauthorized agent; with this view we concur. The judgment of the Supreme Court is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.